Jacob Markowitz, J.
Petitioner, pursuant to article 78 of the OPLR, seeks a review and annulment of the respondents’ determination refusing to restore certain veterans’ preference credits to the petitioner (Civil Service Law, § 85; Rules of City Civ. Serv. Comm, of City of N. Y.), The petitioner was appointed a patrolman in the New York City Police *369 Department on November 1, 1955, after participating in a competitive examination given for that position. Although the petitioner was entitled to utilize veterans ’ credits to secure his initial appointment to the Police Department, he elected to reserve them for future use. Veterans’ credits may be used only once to obtain either an original appointment or permanent promotion (Civil Service Law, § 85, subd. 4; Buies of City Civ. Serv. Comm, of City of N. Y., § 7.1.3).
The petitioner in 1967 participated in and passed a competitive promotional examination_for the position of sergeant. He was appointed to that position in 1968 without utilizing his veterans ’ credits, once again electing to reserve them for future use.
On February 28,1970 the petitioner participated in and passed a competitive promotional examination for the position of lieutenant. Without resort to his veterans’ credit, the petitioner alleges that he would have ranked 51st on the list of individuals eligible for the specified promotion. In order to secure promotion with the earliest group of appointees, the petitioner chose to utilize his veterans ’ credits and accordingly on May 21, 1971 the petitioner and 47 other candidates were promoted to the position of lieutenant.
Thereafter at least five of the initial appointees were found by the Civil Service Commission to have improperly claimed veterans’ credits and these five appointees were thereupon demoted from lieutenant to sergeant. The petitioner contends that had the respondents properly promulgated the specified promotional list initially, excluding the five individuals who allegedly were not entitled to claim veterans’ credits, he would have withdrawn his application for veterans’ credits for without utilizing them he would have then ranked 45th on the list of eligible appointees and been entitled to promotion with the earliest group of 47 appointees. The petitioner recently took and passed a competitive promotional examination for the rank of captain and if his veterans’ credits are restored he would utilize them for that promotion.
Subdivision 4 of section 85 of the Civil Service Law provides: “ (a) Except as herein otherwise provided, no person who has received a permanent original appointment or a permanent promotion in the civil service of the state or of any city or civil division thereof from an eligible list on which he was allowed the additional credit granted by this section, either as a veteran or disabled veteran, shall thereafter be entitled to *370 any additional credit under this section either as a veteran or a disabled veteran.
“ (b) Where, at the time of establishment of an eligible list, the position of a veteran or disabled veteran on such list has not been affected by the addition of credits granted under this section, the appointment or promotion of such veteran or disabled veteran, as the case may be, from such eligible list shall not be deemed to have been made from an eligible list on which he was allowed the additional credit granted by this section.
“ (c) If, at the time of appointment from an eligible list, a veteran or disabled veteran is in the same relative standing among the eligibles who are willing to accept appointment as if he had not been granted the additional credits provided by this section, his appointment from among such eligibles shall not be deemed to have been made from an eligible list on which he was allowed such additional credits.”
The petitioner has received a ‘ ‘ permanent promotion * * * from an eligible list on which he was allowed the additional credit granted a veteran ” (Civil Service Law, § 85, subd. 4, par. [a]) for his promotion to the rank of lieutenant on May 21, 1971 was made possible by the petitioner’s utilization of his veterans ’ credits to raise his relative standing on the eligible list for that position. The petitioner might be - entitled to a restoration of his veterans’ credits if it could be established that the respondents acted recklessly in promulgating the specified promotional list and thereby caused the petitioner to waste his veterans’ credits. No evidence now before the court indicates that this is the case.
Subdivision 3 of section 85 of the Civil Service Law provides : ‘ ‘ Any candidate, believing himself entitled to additional credit in a competitive examination as provided herein, may make application for such additional credit at any time between the date of his application for examination and the date of the establishment of the resulting eligible list. Such candidates shall be allowed a period of not less than two months from the date of filing of his application for examination in which to establish by appropriate documentary proof his eligibility to receive additional credit under this section.
There is no indication that the five individuals, subsequently demoted, failed to file “appropriate documentary proof” of their “eligibility to receive additional credit claimed” (Civil Service Law, § 85, subd. 3). It would place an unreasonable burden upon the respondents to require them to conduct exhaustive investigations of the eligibility of candidates prior to the *371 promulgation of promotional lists, especially when these candidates may or may not he promoted and may or may not accept the promotion.
Paragraph (h) of subdivision 4 of section 50 of the Civil Service Law in recognition of this fact provides in pertinent part:(‘ the state civil service department or appropriate municipal commission may investigate the qualifications and background of an eligible after he has been appointed from the list, and upon finding facts which if known prior to appointment, would have warranted his disqualification, or upon a finding of illegality, irregularity or fraud of a substantial nature in his application * * * may revoke such eligible’s certification and appointment and direct that his employment be terminated ”.
A subsequent investigation and termination of employment of a previously appointed candidate neither constitutes grounds for the retroactive appointments of eligibles who otherwise would have been appointed nor grounds for the restoration of veterans ’ credits to those who otherwise would not have used them. Furthermore, it now appears that the five individuals demoted may have been improperly demoted. Some of these individuals considered their army reserve service as a ground for claiming veterans ’ credits, relying on Matter of Sullivan v. Hoberman (34 A D 2d 6, affd. 28 N Y 2d 667). The Civil Service Commission disallowed these credits on the grounds that such service did not constitute full time active service. In an article 78 proceeding challenging that determination of the Civil Service Commission, this court recently held that the petitioners therein were entitled to the veterans’ credits claimed (Matter of Rahill v. Bronstein, N. Y. L. J., Feb. 10, 1972, p. 18, cols. 7, 8).
In these circumstances, petitioner has failed to establish that respondents acted in an arbitrary or capricious manner in refusing to restore his veterans’ credits.
Should the determination in Matter of Rahill be reversed or modified, and if petitioner can establish that respondents acted recklessly in promulgating the subject promotion list for lieutenant, he may reapply to respondents for restoration of such veterans’ preference credits.
The application is accordingly denied, and the petition is dismissed, without prejudice to petitioner’s reapplication for restoration of his veterans’ preference consistent with this decision.